MORGAN *v.* ENGLAND.

Usury does not vitiate contracts in Ohio—defence at law—neglect don't give chancery jurisdiction.

Usurious contracts have never been held *void* in Ohio; if they were, the defence of usury would be good at law.
A party neglecting to make his defence at law, will not be permitted, without good cause for the omission, to set it up in chancery.

In CHANCERY.   The complainant having purchased land of the United States, wanted to complete his payments for it, and not

Bossert *v.* The State.

having sufficient money, applied to the defendant for a loan for that purpose. It was agreed between them that the defendant should advance two hundred and six dollars; take an assignment of the certificate; obtain a patent; and give his bond to convey to the complainant upon the payment of four hundred dollars, the sum advanced, increased by the interest, trouble and expenses incurred by England. The expenses and amounts were agreed upon. The money was advanced, and the obligation given. The defendant had sued for the money and recovered judgment at law for the amount due him. Complainant prays to have this judgment enjoined, because the contract was usurious.

*Ewing,* for the complainant, cited numerous authorities.

*Goodenow,* contra, was stopped.

BY THE COURT. Usurious contracts have never been rendered void in Ohio; the authorities cited are applicable to contracts *made* void by the usury laws of other countries, and have no application here. But if otherwise, the matter set up in the bill might have availed the party at law, if the law made the contract *void,* as contended. Having neglected to make the defence there, he cannot, without excuse, come here to set it up.

The bill is dismissed.